MILDRED L. FEHLAND, Formerly MILDRED L. VANDIVER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fehland v. Commissioner
Docket No. 5272-71.
United States Tax Court
T.C. Memo 1975-300; 1975 Tax Ct. Memo LEXIS 72; 34 T.C.M. (CCH) 1312; T.C.M. (RIA) 750300; September 30, 1975, Filed Mildred L. Fehland, pro se. Douglas R. Fortney, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $695.70 in petitioner's 1967 income tax. The sole issue presented for our decision is whether petitioner, a married resident of a community property state who filed a separate income tax return, is liable for income tax on one-half of the community *73 income earned by her and her husband during 1967. FINDINGS OF FACT None of the facts have been stipulated. Petitioner Mildred L. Fehland (petitioner) was a resident of Lancaster, California, at the time the petition herein was filed. Petitioner filed her separate income tax return for 1967 with the Internal Revenue Service Center in Austin, Texas. From 1952 until her divorce in 1968, petitioner was married to Herman L. Vandiver (Vandiver). During 1967, they resided together in Texas, a community property state. Beginning in January 1968, petitioner and Vandiver ceased living together and, on March 29, 1968, petitioner was awarded a decree of absolute divorce by the District Court of Andrews County, Texas. Although they were married during the entire year, petitioner and Vandiver filed separate income tax returns for 1967. During 1967, Vandiver, a cash basis taxpayer, operated Herman's Welding Works (the Company) as a sole proprietorship. On his 1967 return, Vandiver reported that the Company had gross receipts of $13,368.79 from which he had made a net profit of $4,847.16. Following an audit of his return, respondent determined, inter alia, that Vandiver had understated *74 the Company's gross receipts by $4,563.52 and that he had actually netted $10,057 from the operation of the business. [1] Vandiver agreed with respondent's findings. On her 1967 separate return, petitioner reported only $3,300, which represented the income she had earned individually as an employee. She attached a statement to her return explaining that she had not received any income from the Company and that, since Vandiver had not provided her with any information or records, she did not know whether the Company had operated at a profit or loss for that year. Respondent determined that, even though petitioner had reported all of her individually earned income on her separate return, she remained liable for one-half of the sum of her and Vandiver's community income by operation of the Texas community property laws. Consequently, respondent found that her adjusted gross income *75 should be increased to $6,794.07 and determined the deficiency at issue in the instant case. OPINION Under Texas community property laws, each spouse has a present, vested interest in the community property so as to make each an owner of one-half of the community income. . By reason of this vested income interest, if the spouses elect to file separately, each spouse remains liable for, and must separately report, one-half of the sum of the community income earned during the year. ; ; ; . Petitioner admits that she and Vandiver were legally married residents of Texas during the entire year of 1967, and she does not allege that their 1967 community income was any less than the amount determined by respondent. Thus, unless she can show some basis for relief, the law is clear that, on her separate return, she was required to report, and is liable for income tax on, one-half of her and Vandiver's 1967 *76 community income. Petitioner contends that she should be relieved of liability either on the authority of , or under the provisions of section 6013(e). [2] We find both of petitioner's arguments to be totally without merit, and we hold for respondent. The Ramos case involved a woman, domiciled in Texas, whose husband had deserted her in 1963 but who was unable to have the marriage legally terminated until 1966. Following the divorce, the Commissioner attempted to hold the wife liable for tax on income earned by her husband in 1964, even though she had neither received any part of such income nor had any control over its disposition. Relying on , the court in Ramos held that the community alone was liable for tax due on community income and, therefore, the divorced wife was not obligated to pay such tax from her separate property. . Ramos would be persuasive authority for petitioner's position *77 if it accurately stated the law. Unfortunately it does not. The Fifth Circuit's decision in Ramos was based on its earlier decision in , which involved a similar situation arising under the almost identical community property laws of Louisiana. Mitchell, however, was overruled by the Supreme Court, [3] and the Fifth Circuit has subsequently recognized that the Supreme Court's decision effectively overruled Ramos.. See , affd. in an unpublished opinion (5th Cir., April 24, 1975). Thus, we must hold that the doctrine enunciated in Ramos does not aid petitioner. [4] This result seems inequitable as did the results in the Mitchell case. There the Supreme Court observed (): It must be conceded that these cases are "hard" cases * * * Mrs. Mitchell loses the benefit of her inheritance from her mother, an inheritance that ripened after the dissolution of her marriage. Mrs. Angello loses her beneficiary interest in her deceased husband's life insurance *78 policy. This takes place with each wife not really aware of the community tax situation, and not really in a position to ascertain the details of the community income. The law, however, is clear. The taxes were due. They were not paid. Returns were not even filed. The "fault," if fault there be, * * * flows from the settled principles of the community property system. If the wives were to prevail here, they would have the best of both worlds. The remedy is in legislation. * * * Petitioner also contends that Vandiver "secreted" the Company's 1967 income and spent it for his own purposes. She alleges that she had no dominion or control over such income and should be relieved of liability under section 6013(e). [5]
*79 Section 6013(e), commonly known as the "innocent spouse" provision, relieves a spouse of joint liability for tax if certain conditions are satisfied. A wife seeking relief under this section must show: (1) a joint return was filed on which there was erroneously omitted an amount of gross income which is attributable to her husband and which is in excess of 25 percent of the gross income stated on the return; (2) in signing the return, she had no reason to know of such omission; and (3) it is inequitable to hold her liable, taking into account all of the facts and circumstances, including the benefits she received from the omitted income. All of these requirements must be satisfied before a spouse can be relieved of liability under section 6013(e). See , on appeal (7th Cir., August 19, 1974). We find it unnecessary to decide whether petitioner has met the second and third requirements since, by filing separately instead of jointly, she has failed to satisfy the first. We realize that, given the equal income interests vested in each spouse under the community property laws, certain inequitable situations that section 6013(e) *80 was designed to eliminate may very well arise if the spouses elect to file separately in community property states. However, we have previously held that, regardless of the inequities that might result, the intent of Congress was clear that a joint return must be filed before an otherwise "innocent spouse" can be accorded the benefits of section 6013(e). Therefore, we find this section inapplicable in the instant case. Respondent has conceded on brief that petitioner is entitled to an exemption for a dependent, which exemption was neither returned by petitioner nor allowed by respondent's determination. Decision will be entered under Rule 155.
Footnotes
1. Respondent also disallowed a dependency deduction Vandiver had taken and made adjustments in his self-employment tax. Further, as in petitioner's case, respondent found that he had not properly reported his income in that he had not included one-half of the sum of the community income in his return.↩
2. Unless otherwise specified, all statutory references are to the Internal Revenue Code of 1954.↩
3. . ↩
4. Petitioner also contends that she was denied due process when the wages she earned after her divorce were attached to satisfy taxes due on a community debt. We think this argument to be frivolous in light of ↩
5. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. * * *
(e) Spouse Relieved of Liability in Certain Cases.-- (1) In General. Under regulations prescribed by the Secretary or his delegate, if-- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. (2) Special Rules.--For purposes of paragraph (1) -- (A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and (B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A).↩